UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVE L. TRATTNER,

        Petitioner,

  v.                                         Case No. 20-cv-208-pp

LIZZIE TEGELS,

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION AS UNAUTHORIZED SECOND OR SUCCESSIVE PETITION (DKT. NO. 1) DISMISSING CASE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

---

      On February 10, 2020, the petitioner, through counsel, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2006 conviction in Ozaukee County Circuit Court for first-degree reckless homicide. Dkt. No. 1 at 1; see also State of Wisconsin v. Steve L. Trattner, Ozaukee County Case Number 2006CF000027, available at: https://www.wcca.wicourts.gov/. The petitioner admits that this is his second federal §2254 petition but asks "that this Court determine that although this is a second petition, it is not barred pursuant to Panetti, supra, because the claims were unripe." Dkt. No. 1 at 13.

      This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases and dismisses it as a second or successive petition which the Seventh Circuit has not authorized him to file. The court declines to a certificate of appealability.

1

## I. Background

In January 2006, the State of Wisconsin charged the petitioner with first-degree reckless homicide. Dkt. No. 1 at 3; State v. Trattner, Ozaukee Case No. 2006CF000027, available at https://www.wcca.wicourts.gov/. Attorney Michael Fitzgerald represented the petitioner in the trial court and in June 2006, the petitioner plead no contest to the charge. Id. The circuit court judge found the petitioner guilty and on September 6, 2006, sentenced him to thirty-five years of initial confinement followed by ten years supervision. Id. The court entered judgment two days later. Dkt. No. 1 at 3.

The petitioner, represented by Attorney Robert Henak, filed a direct appeal on May 14, 2007, arguing that (a) the trial court relied on inaccurate information at sentencing; (b) the sentence inappropriately punished the petitioner for a mental condition over which he had no control; and (c) the trial judge failed to explain why the sentence imposed was the minimum sentence necessary. Id. at 4. After the Court of Appeals affirmed the sentence, the Wisconsin Supreme Court denied the petition for review on November 20, 2008. Id.

On January 25, 2010, the petitioner, through Attorney Henak, filed a motion for post-conviction relief under Wis. Stat. §974.06. Id. at 5. The §974.06 motion argued that the petitioner had not knowingly, voluntarily and intelligently entered his plea. Id. The trial court denied the motion as procedurally barred because the petitioner had not challenged the

voluntariness of his plea on direct appeal; on April 6, 2011, the Wisconsin Court of Appeals affirmed. Dkt. No. 2-2.

Several months later, the petitioner—still represented by attorney Henak—filed a petition for writ of *habeas corpus* in the Eastern District of Wisconsin. See Trattner v. Pollard, Case No. 11-cv-886-JPS (E.D. Wis. Sept. 20, 2011). The petition alleged that the petitioner's no-contest plea was not knowingly, voluntarily and intelligently entered. Id. at Dkt. No. 1, p. 7. On July 31, 2012, Judge J.P. Stadtmueller denied the petition, finding that the petitioner had procedurally defaulted on the claim. Id. at Dkt. No. 13.

Four years later, on July 5, 2016, the petitioner, through attorney Lew Wasserman (who represents the petitioner in this *habeas* case), filed a second Wis. Stat. §974.06 motion alleging ineffective assistance of trial counsel and ineffective assistance of appellate/post-conviction counsel for failing to assert trial counsel's ineffectiveness. Id. The circuit court "denied [the motion] without a hearing as procedurally barred" and the Supreme Court denied the petitioner's petition for review on February 14, 2019. Id.

This second federal petition followed. Each of the "grounds for relief" in the petition asserts a different argument regarding the ineffective assistance of the petitioner's appellate counsel, Attorney Henak; the court observes that while the petitioner lists four grounds, they assert a single claim. Dkt. No. 1 at 7-9; see Peoples v. United States, 403 F.3d 844, 848 (7th Cir. 2005) ("ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed."). The petitioner advances four

3

arguments detailing Attorney Henak's purported failings: (1) failure to argue that trial counsel was ineffective, dkt. no. 1 at 7; (2) failure to argue that the plea was not based on sufficient facts and failure to argue that petitioner should have been allowed to withdraw his plea, dkt. no. 1 at 8; (3) failure to allege that trial counsel was ineffective for not moving to suppress statements from a custodial interview, id. at 9; and (4) failure to allege an insufficient factual basis for plea in the two prior post-conviction motions, id.

Normally, the court would start by "screening" a §2254 petition under Rule 4 of the Rules Governing §2254 proceedings, which states that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Proceedings. A district court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief. At the screening stage, a district court expresses no view as to the merits of any of the petitioner's claims. Rather, it reviews the petition and exhibits to determine whether the petitioner alleges that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") carves out certain petitions that the court need not screen. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court has already determined the legality of that detention in a prior application for writ of *habeas corpus*. 28 U.S.C.

4

§2244(a). To enforce this provision, AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the applicable court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

The Supreme Court has held that AEDPA's "second or successive" language does not refer to all §2254 petitions filed second or successively in time, "even when the later filing addresses a state-court judgment already challenged in a prior §2254 application." Panetti v. Quarterman, 551 U.S. 930, 944 (2007). Panetti was a death penalty case, in which the State acknowledged that a prisoner's claim that his competency proceedings were constitutionally inadequate under Ford v. Wainwright, 477 U.S. 399 (1986) "as a general matter, [is] not ripe until after the time has run to file a first federal habeas petition." Id. at 943. This is because Ford claims "turn[] on 'the mental state of the petitioner at the time of execution,'" and because a federal *habeas* petition must be filed within a year of the judgment becoming final, the claim will not be ripe at that time because, a year after the judgment is final, "'the execution is years away.'" Flores-Ramirez v. Foster, 811 F.3d 861, 865 (7th Cir. 2015) (quoting Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir.

5

2009)). Noting that this fact presented death-row prisoners who wanted to challenge their competence to stand execution with a Hobson's choice of either foregoing the opportunity to file a Ford claim in federal court or raising the claim in a first federal *habeas* before it was ripe, Panetti, 551 U.S. at 943, the Panetti Court recounted that in Stewart v. Martinez-Villareal, 523 U.S. 637, 643 (1998), it had held that "in light of the particular circumstances presented by a *Ford* claim, it would treat the two filings as a single application," Panetti, 551 U.S. at 945. The Panetti Court held that "[t]he statutory bar on 'second or successive' applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe." Id. at 947.

The Seventh Circuit has applied the notion of "ripeness" outside of the context of a Ford competency motion in a death penalty case. In Flores-Ramirez, the court considered a petitioner who'd filed his first federal *habeas* petition in 2006. After filing that first petition, the petitioner discovered "that his interpreter at trial ha[d] failed certification tests and ha[d] been declared ineligible for state compensation for his services." Flores-Ramirez, 811 F.3d at 863. After seeking state postconviction relief on that issue, the petitioner returned to federal court. Id. While the district court found that two of the petitioner's claims were based on factual predicates—"the interpreter's lack of certification—'existed at the time he filed his prior petition,'" it concluded that the factual predicates of his third claim—relating to procedural errors during the state postconviction proceedings—had not. Id. at 864. The district court concluded that that one claim could not have been presented in the 2006

6

*habeas* petition and required the respondent to answer. Id. The district court found the claims relating to the interpreter to be "barred as successive." Id.

On appeal, the Seventh Circuit explained that

> [w]hen discerning whether a second-in-time petition is successive, courts must be "[c]areful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as "second or successive."

Flores-Ramirez, 811 F.3d at 865 (quoting United States v. Obeid, 707 F.3d 898, 902 (7th Cir. 2013)). See also, Obeid, 707 at 902 ("[a] petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h).").

The Seventh Circuit agreed with the district court that the petitioner's claims about the interpreter were barred, because "the factual predicates for these claims—that the interpreter was incompetent and that his attorney should have objected—existed and were discoverable at the time of his first petition." Id. The court noted that the petitioner "simply ha[d] an excuse for why he failed to raise the issue." Id. As to the third claim—the petitioner's claim that he didn't get a fair hearing on the postconviction motion about the interpreter—the Seventh Circuit agreed with the district court that that claim was not ripe when the petitioner had filed the first federal *habeas* in 2006, because the allegedly unfair hearing hadn't yet taken place when he filed the first *habeas*. Id. at 866.

The petitioner admits that this is his second federal *habeas* petition, but instead of asking the Seventh Circuit for leave to file a second or successive petition as §2244(b)(3)(A) requires, he just filed the petition, along with a "jurisdictional memorandum" explaining why he believes the court nonetheless has jurisdiction to rule on the petition. Dkt. No. 4. The petitioner recounts that Attorney Henak represented him in his direct appeal, his state post-conviction motions and his first federal *habeas* case, and describes Attorney Henak as having "embarked on a 7-year-long odyssey of various challenges . . . ." Id. at 1. The petitioner describes Henak as being "undeterred" by losing "a second round of postconviction motions and appeal and Petition for Review in the Wisconsin Supreme Court." Id. at 1, 2. Noting that the Court of Appeals found the claims raised in the second round of state post-conviction motions to be procedurally barred, the petitioner opines that it was "unsurprising" that the federal district court found the same claims procedurally barred and denied a certificate of appealability. Id. at 2. The petitioner asserts that "[a]t no time and in no pleading did Attorney Henak allege that trial counsel, Attorney Fitzgerald, was ineffective." Id. The petitioner says that "[t]he opportunity to do that without triggering concerns of procedural default was in the first s. 974.06 Motion," but he says that Attorney Henak "could not have brought that claim as [the petitioner's] postconviction counsel because to do so would have required a claim that Attorney Henak was ineffective in failing to bring that claim in the direct appeal process." Id. The petitioner says that "[c]hallenging

8

his own effectiveness is not something Attorney Henak could have been expected to do." Id.

Against this backdrop, the petitioner argues that his claims that his trial counsel (Attorney Fitzgerald) and his "postconviction" counsel (Attorney Henak) were ineffective "were not 'ripe' under AEDPA." Id. at 3. In support of this assertion, he cites Martinez-Villareal, 523 U.S. 637, 640 (1998); Poland v. Stewart, 41 F. Supp. 2d 1037, 1039, n.3 (D. Ariz. 1999) (a death penalty case involving a Ford claim) and Schomhorst v. Anderson, 77 F. Supp. 2d 944, 949 (S.D. Ind. 1999) (a death penalty case involving a Ford claim). Id. at 3. He proclaims that while the instant petition is "numerically his second," it is "not a 'second or successive' challenge to his conviction and confinement," asserting that the "unity (until the concurrently subject postconviction motion and state court appeal) of [his] prior postconviction and federal habeas counsel means jurisdiction of this Petition is not controlled by *In re Page*, 179 F.3d 1024, 10265 (7th Cir. 1999) . . . ." Id.

The petitioner says that Martinez v. Ryan, 566 U.S. 1 (2012), Trevino v. Thaler, 569 U.S. 413 (2013) and Lombardo v. United States, 860 F.3d 547, 551 (7th Cir. 2017) support the conclusion that the current petition is not a "second or successive" one. Id. While he did not cite the case in his "jurisdictional memo," the petitioner also cited Panetti in support of his argument.

Despite four pages of florid prose, the petitioner's argument boils down to an assertion that Attorney Henak provided ineffective assistance of counsel to

9

the petitioner in the federal *habeas* petition filed in January 2011, and therefore that the 2011 petition should not "count" as a first petition. But "[p]risoners do not have a constitutional right to counsel in prosecuting a collateral attack, and so the shortcomings of lawyers at this stage fall on the prisoner himself . . . ." Cannon v. U.S., 326 Fed. App'x 393, 395 (7th Cir. 2009). Congress said it right in §2254: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. §2254(i). Even if Attorney Henak *did* provide ineffective assistance of counsel to the petitioner during his state postconviction proceedings or during his 2011 federal *habeas* proceeding—and the court is *not* finding that he did—that would not give this court jurisdiction over a clearly second or successive petition.

The petition also alleges, in an elliptical fashion, that Attorney Henak provided ineffective assistance on direct appeal and in the state postconviction proceedings, and argues that these claims did not become ripe until after the first *habeas* petition had been decided and Henak's representation ended. Dkt. No. 1 at 7-11. The factual predicate for those claims—like the factual predicate for the petitioner's claims in Flores-Ramirez regarding the competence of his interpreter—existed when the plaintiff filed his first petition in 2011. While the petitioner has "some excuse for failing to raise the claim in his initial petition," Obeid, 707 F.3d at 902—Attorney Henak's alleged inability to label himself ineffective—that does not render the claim unripe. The direct appeal concluded in 2008 and the state post-conviction process concluded in 2011, several

10

months before the filing of the first §2254 petition. The factual predicate to the petitioner's current *habeas* claims occurred and was "ripe" in the AEPDA sense before the filing of the first §2254 petition.

The petitioner cites only one case that discusses ripeness of *habeas* claims outside of the Ford context: Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001). The court first notes that the petitioner in Crouch asked the Eighth Circuit for leave to file a second or successive petition, 251 F.3d at 722—something the petitioner did *not* do here. But more important, the Eighth Circuit's conclusion that the petitioner's claim was not ripe squares completely with the Seventh Circuit's reasoning in Flores-Ramirez and Obeid. The Eighth Circuit found the petitioner's claim that the state had violated his constitutional rights in denying him parole was not "ripe" when he filed his first petition attacking his convictions, because, since his parole had not yet been denied at the time he filed his first petition, he could not have raised his parole-related claims in that first petition. Id. at 724. The petitioner in this case *could* have raised his claims of ineffective assistance of trial counsel in his 2011 petition. All the events that form the basis of the claims had occurred as of 2011.

The petitioner's claim that Martinez v. Ryan supports his argument has no merit. Martinez held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-

11

review collateral proceeding, there was no counsel or counsel int that proceeding was ineffective." Martinez, 566 U.S. at 17. If this were not a second or successive petition (or if the Seventh Circuit had given the petitioner leave to file it), Martinez might be helpful to the petitioner in defeating a claim of procedural default on his ineffective-assistance-of-trial-counsel claims. But it has nothing to do with whether this court has jurisdiction over this second or successive petition, or with the petitioner's strained ripeness argument. The same is true of Trevino, 569 U.S. at 429, which held that "where . . . state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies . . . ."

Nor does Lombardo have any relevance to the petitioner's second-or-successive argument. In Lombardo, the petitioner argued that the Seventh Circuit should create an exception to the "exceptional circumstances" requirement for applying the equitable tolling doctrine to save time-barred petitions. Lombardo, 860 F.3d at 555. The Seventh Circuit, in an *en banc* decision, *rejected* that argument. Id. at 561.

Because this §2254 petition is a second and successive petition, the petitioner needs to obtain authorization from the Seventh Circuit Court of Appeals before this court can exercise jurisdiction and consider the merits. 28 U.S.C. §§2244(a), (b); see also Suggs v. United States, 705 F.3d 279, 282 (7th Cir. 2013 ("Without authorization from the court of appeals, the district court

12

has no jurisdiction to hear the [successive] petition."). Because the petitioner has not obtained such authorization from the Seventh Circuit, the court has no jurisdiction and must dismiss the petition.[1]

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because it finds that reasonable jurists courts not debate that the petition is a second or successive petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals.

---

[1] While the court has no jurisdiction to rule on the petition, the court can't help but note that the petitioner filed this petition in February 2020. The petitioner's 2006 conviction appears to have become "final" for purposes of federal *habeas* review in November 2008—over eleven years earlier. AEDPA imposes a one-year statute of limitations for filing a federal *habeas* petition. 28 U.S.C. §2244(d). The petitioner did not ask for the court to apply equitable tolling or advocate that AEDPA's time clock start at a time other than when his conviction became "final" under 28 U.S.C. §2244(d)(1)(A).

13

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* as a second or successive petition. Dkt. No. 1

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 16th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**